UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

GREGORY TROTTER,

Defendant.

24-CR-60-LJV-JJM
DECISION & ORDER

---

The defendant, Gregory Trotter, was charged in a one-count indictment with making a false statement to an agency of the United States. Docket Item 14. The case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 16.

Several months later, Trotter filed pretrial motions, including a motion to dismiss and motions for a bill of particulars and to inspect the grand jury minutes. Docket Item 24. Judge McCarthy issued a Report, Recommendation, and Order ("RR&O") denying Trotter's motions for a bill of particulars and to inspect the grand jury minutes and recommending that this Court deny Trotter's motion to dismiss. Docket Item 28. After Trotter objected to the RR&O, Docket Item 32, and the government responded, Docket Item 33, this Court heard oral argument and reserved decision, *see* Docket Item 37.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge on a dispositive order. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

With respect to a non-dispositive order, however, "a district court may only 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *United States v. Aventura Techs., Inc.*, 607 F. Supp. 3d 278, 282 (E.D.N.Y. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)); *see Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2017 WL 5515938, at *2 (E.D.N.Y. Mar. 6, 2017) (applying clear error standard to magistrate judge's "decision to impose sanctions based solely on the dishonest and bad faith conduct"). "This standard is highly deferential and only permits reversal where the magistrate [judge] abused his discretion." *Aventura Techs.*, 607 F. Supp. at 282 (quoting *Mental Disability L. Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010)).

This Court has carefully and thoroughly reviewed the RR&O, the objection, the response, and the materials submitted to Judge McCarthy. Based on that review, the Court accepts and adopts Judge McCarthy's recommendation to deny Trotter's motion to dismiss and affirms Judge McCarthy's order denying Trotter's requests for a bill of particulars and to inspect the grand jury minutes.

## DISCUSSION

The Court assumes the reader's familiarity with the underlying facts and Judge McCarthy's analysis in the RR&O. *See* Docket Item 28.

### I.   MOTION TO DISMISS

Trotter moves to dismiss the indictment due to "outrageous government misconduct." Docked Item 24 at ¶ 10. More specifically, Trotter says that his

"prosecution was manufactured for the specific purpose of preventing [him] from being called as a witness by [Peter] Gerace." *Id.* at ¶ 12.

Judge McCarthy rejected this argument, finding that "[t]he allegations presented by Trotter do not demonstrate misconduct, much less outrageous misconduct." Docket Item 28 at 4. Judge McCarthy noted that "[t]he prosecutor's motivation for bringing charges has nothing do with the government's conduct in securing the [i]ndictment against Trotter." *Id.* at 5. Judge McCarthy observed that "[a]lthough challenges to prosecutorial charging decisions may be brought on selective or vindictive prosecution grounds, Trotter has not moved for such relief." *Id.* at 5. Finally, Judge McCarthy added, "summary judgment generally 'does not exist in federal criminal procedure[,]' and 'the sufficiency of the evidence is not appropriately addressed . . . pretrial,'" so Trotter's claim that his alleged misstatements were not "material" failed as well. *Id.* (quoting *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018)).

This Court agrees with Judge McCarthy. The crux of Trotter's argument seems to be his speculation—based on the timing of his indictment and the trial in *United States v. Peter Gerace, Jr.*, 19-cr-227 and 23-cr-37—that Trotter's "prosecution [wa]s motivated by the impermissible basis of the government's desire to eliminate the testimony of a witness favorable to . . . Gerace." Docket Item 32 at 3. But as Judge McCarthy observed, absent a showing of selective or vindictive prosecution, questions about whom the government charges and when it does so are solely the prerogative of the executive branch, and the prosecutors' underlying motivations are irrelevant.

As the government noted, *see* Docket Item 33 at 8-9, Trotter did not raise his selective or vindictive prosecution argument before Judge McCarthy, *see generally*

3

Docket Items 24 and 26.  But even if Trotter had preserved this argument, this Court would reject it.

"[T]he decision as to whether to prosecute generally rests within the broad discretion of the prosecutor, and a prosecutor's pretrial charging decision is presumed legitimate."  *United States v. Stewart*, 590 F.3d 93, 122 (2d Cir. 2009) (alteration in original) (quoting *United States v. Sanders,* 211 F.3d 711, 716 (2d Cir. 2000)).  To establish selective prosecution, a defendant must demonstrate that he "was 'treated differently from other similarly situated individuals' and that 'such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure [him].'"  *Id.* at 121 (quoting *Harlen Assocs. v. Inc. Vill. of Mineola,* 273 F.3d 494, 499 (2d Cir. 2001)).  Trotter falls far short of making such a showing here.  Among other things, he does not identify any "similarly situated individuals" from whom he was treated differently.

To establish vindicative prosecution, a defendant must demonstrate "that a prosecutor's charging decision [is] a direct and unjustifiable penalty[] that resulted *solely* from the defendant's exercise of a protected legal right."[1]  *Id.* at 123 (emphasis added) (citation and internal quotation marks omitted).  Here, Trotter bases his allegation of

---

[1] A defendant also may establish vindictive prosecution by demonstrating "a presumption of prosecutorial vindictiveness," but such a presumption "generally does not arise in a pretrial setting."  *Sanders*, 211 F.3d at 717; *see also Stewart*, 590 F.3d at 122 (The Second Circuit "has consistently adhered to the principle that the presumption of prosecutorial vindictiveness does not exist in a pretrial setting." (quoting *Paradise v. CCI Warden*, 136 F.3d 331, 335 (2d Cir. 1998))).

vindictiveness on the timing of his indictment several months after Gerace included Trotter on Gerace's witness list. That simply is not enough to show that "the resulting charge was necessarily brought vindictively." *See id.* at 93, 123 (rejecting claim that the government's "decision to file a superseding indictment following [the defendants'] successful efforts to dismiss several counts of the initial indictment constitute[d] vindictive prosecution"). Rather, "[a] finding of actual vindictiveness requires direct evidence, such as evidence of a statement by the prosecutor, which is available only in a rare case." *United States v. Johnson*, 171 F.3d 139, 140-41 (2d Cir. 1999) (internal quotation marks omitted) (citing *United States v. Goodwin,* 457 U.S. 368, 380-81 & nn.12-13, 384 & n.19 (1982*);* *United States v. King*, 126 F.3d 394, 397 (2d Cir. 1997)). There is no such evidence here.

Nor has Trotter demonstrated that he is entitled to discovery to probe the government's charging decisions. As the Second Circuit has explained, "[e]xamining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decision[-]making to outside inquiry, and may undermine prosecutorial effectiveness by revealing the [g]overnment's enforcement policy." *Sanders*, 211 F.3d at 717 (citation omitted). Thus, a defendant seeking discovery on a selective or vindictive prosecution claim must demonstrate "some evidence tending to show the existence of the essential elements of the defense." *Id.* (quoting *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir. 1974)). Trotter's speculation as to the government's motives based on timing alone is not sufficient. *See id.* (explaining that "[t]he standard is a 'rigorous' one, 'itself . . . a

5

significant barrier to the litigation of insubstantial claims'" (internal citation omitted) (quoting *United States v. Armstrong*, 517 U.S. 456, 464, 468 (1996))).

For all those reasons, this Court agrees with Judge McCarthy and denies Trotter's motion to dismiss.

## II.     BILL OF PARTICULARS AND INSPECTION OF GRANDY JURY MINUTES

Trotter also appeals Judge McCarthy's denial of his motions for a bill of particulars and to inspect the grand jury minutes. Docket Item 32 at 3-6. "The Court will reconsider a magistrate judge's order pertaining to discovery issues . . . only if the magistrate judge's determination was 'clearly erroneous or contrary to law.'" *United States v. Louissaint*, 2016 WL 543238, at *1 (W.D.N.Y. Feb. 10, 2016) (quoting 28 U.S.C. § 636(b)(1)(A)). Because Judge McCarthy's decisions to deny Trotter's requests for a bill of particulars and to inspect the grand jury minutes were neither clearly erroneous nor contrary to law, this Court will not disturb them.

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citations omitted). But "[a] bill of particulars is not to be used as a discovery device to obtain evidentiary detail about the [g]overnment's case." *United States v. Ralston*, 2021 WL 5054464, at *1 (S.D.N.Y. Nov. 1, 2021). "Thus, one should be ordered only where the information sought is necessary to prepare a defense or to avoid double jeopardy." *Id.* (citation and internal quotation marks omitted).

Here, Trotter says that he "requested these particulars to avoid [a] variance at trial" and to ensure "that the trial will not expand in scope beyond what the grand jury charged." Docket Item 32 at 4. But the proper time to raise a variance argument is after the proof has been submitted at trial. *See United States v. Dupre*, 462 F.3d 131, 140 (2d Cir. 2006) (explaining that "[a] variance occurs when the charging terms of the indictment are left unaltered, but the evidence *at trial* proves facts materially different from those alleged in the indictment" (emphasis added) (quoting *United States v. Salmonese*, 352 F.3d 608, 621 (2d Cir. 2003))).

With respect to Trotter's motion to inspect the grand jury minutes, a court may permit disclosure of matters occurring before the grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). But "a defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury deliberations." *United States v. Smith*, 105 F. Supp. 3d 255, 259 (W.D.N.Y. 2015) (quoting *United States v. Forde,* 740 F.Supp.2d 406, 413 (S.D.N.Y. 2010)).

Trotter has not met that burden here. Rather, as in his motion for a bill of particulars, Trotter argues that "his motion to inspect the grand jury minutes was made with an eye toward avoiding variance at trial and protecting his right to prosecution by the indictment as voted by the grand jury, not upon some alternative, later-adopted factual basis." Docket Item 32 at 5. If the proof at trial demonstrates a variance, Trotter may of course make that argument. But the time to do so has not yet come.

For all those reasons, this Court cannot say that Judge McCarthy's decisions to deny a bill of particulars and inspection of the grand jury minutes were clearly erroneous or contrary to law.

## **CONCLUSION**

For the reasons stated above and in the RR&O, Docket Item 28, this Court affirms Judge McCarthy's orders and accepts and adopts Judge McCarthy's recommendation. Trotter's motions to dismiss, for a bill of particulars, and to inspect the grand jury minutes, Docket Item 24, are DENIED.

SO ORDERED.

Dated:	December 27, 2024
	Buffalo, New York

									 */s/ Lawrence J. Vilardo*
									LAWRENCE J. VILARDO
									UNITED STATES DISTRICT JUDGE