UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

GREGORY TROTTER,

                Defendant.

**REPORT, RECOMMENDATION AND ORDER**

24-CR-60-LJV-JJM

---

        Defendant Gregory Trotter is charged in a Superseding Indictment [46][1] with violating 18 U.S.C. §1001(a). Jury selection is currently scheduled for July 14, 2025 [69]. Before the court is Trotter's motion [52] seeking dismissal of the Superseding Indictment and other relief, which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [16]. Having reviewed the parties' submissions [52, 66, 67] and heard oral argument on June 6, 2025 [70], for the following reasons I recommend that his motion to dismiss be denied, and I order that the remainder of his motion likewise be denied.

## BACKGROUND

        Familiarity with the relevant procedural history is presumed. The Superseding Indictment expands on the allegations of the original Indictment [14]. It alleges:

        - that between about February 2017 and July 2020, Trotter "had contact, both professional and personal, with Peter Gerace, Jr." ([46], ¶2);

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

- that in March 2019, Gerace filed a police report with the Amherst Police Department concerning the alleged theft of a Rolex watch, identifying an individual believed to be responsible for the theft (id., ¶3);

- that between March 6 and April 9, 2019 Trotter communicated with Gerace regarding the status of the investigation into the theft (id., ¶5);

- that in April 2019 Trotter, prompted by Gerace, participated in the arrest of the individual allegedly involved in the theft of the watch, and kept Gerace advised as to the status of the case against that individual (id., ¶6);

- that by April 2019, federal law enforcement, including the FBI, was investigating Gerace for engaging in sex trafficking and drug trafficking activities, as well as his connections with local law enforcement . . . and his use of those connections to protect his sex and drug trafficking activities (id., ¶7);

- that "[o]n or about September 30, 2022, in the Western District of New York, [Trotter], . . . in a matter within the jurisdiction of the executive branch of the United States Government, did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations to special agents of the Federal Bureau of Investigation in a matter related to an offense under Title 18, United States Code, Section 1591, in that [Trotter] denied having contact with Gerace after January 2017; stated that his involvement in the investigation into the alleged theft of the Rolex watch was limited to taking a statement from Gerace; and stated that Gerace had never reached out to him or contacted him regarding the investigation, whereas in truth and in fact, and as [Trotter] then and there well knew, [he] did have contact with Gerace after January 2017; [he] had been involved in the investigation into the alleged theft of the Rolex watch beyond taking Gerace's statement; and Gerace had contacted

[him] regarding the investigation into the alleged theft of the Rolex watch. All in violation of Title 18, United States Code, Section 1001(a)(2)." Id., ¶10.

For purposes of this motion, Trotter does not dispute the allegation that he willfully and knowingly made materially false statements to the FBI. Whether the government can prove that allegation will be an issue for trial. Instead, he argues that that the Superseding Indictment should be dismissed because "[t]here is no evidence in the discovery provided supporting a claim that [his] allegedly false statements related to sex offenses allegedly committed by Mr. Gerace or anyone else". Thompson Affirmation [52], ¶31.

## DISCUSSION

**A.      Dismissal of the Superseding Indictment**

18 U.S.C. §1001(a)(2) provides that "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement or representation . . . shall be fined under this title, imprisoned not more than 5 years . . . or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years."[2]

In moving for dismissal, Trotter cites United States v. Paz, 2009 WL 10707056 (D.N.M. 2009), describing it as "the only case that speaks directly to the issue". Trotter's Reply [67] at 8. Paz holds that "§1001(a)'s language . . . imposes an eight year maximum sentence for false statements which 'relate to' certain listed federal sex offenses", and that Sentencing Guideline 2J1.2(b)(1)(A) imposes the "statutory maximum term of imprisonment . . . because the false statement 'relates to' the federal sex offenses". 2009 WL 10707056, at *2.

---

[2]      18 U.S.C. chapters 109A, 109B, 110 and 117 relate to various sex offenses, and §1591 deals with "[s]ex trafficking of children by force, fraud, or coercion".

However, Paz misreads both the statute and the sentencing guideline, neither of which require that the false statements *themselves* relate to sex offenses in order for the sentencing enhancement to apply. Instead, they require only that the statements be made in a "matter" within federal jurisdiction. *See* 18 U.S.C.§1001(a) ("[i]f the matter relates to an offense under . . . section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years"); U.S.S.G. §2J1.2(b)(1)(A) (the "statutory maximum term of eight years' imprisonment applies because the matter relates to sex offenses under 18 U.S.C. §1591").

Thus, "[s]ection 1001's aggravating factor depends on whether the 'matter' within the FBI's jurisdiction when the statements were made 'relate[d] to' a [sex trafficking] offense. Indeed, the statements need not . . . primarily concern a [sex trafficking] offense. Put another way, the aggravating factor in §1001 depends not on a statement's *contents*, but rather the *context* in which it was made." United States v. Legins, 34 F.4th 304, 318 (4th Cir. 2022) (emphasis in original).

A "matter" is defined to mean "[a] subject under consideration". Black's Law Dictionary (12th ed. 2024). The Superseding Indictment alleges that the subject under consideration by the FBI at the time of Trotter's interview was Gerace's involvement in sex and drug trafficking, and his connections with and use of law enforcement in connection with those activities. [46], ¶7. Unlike Legins, where the indictment failed to "allege that the matter within the FBI and DOJ's jurisdiction 'related to' a [sex] offense" (34 F.4th at 318), here the Superseding Indictment specifically alleges that Trotter's statements were made "in a matter within the jurisdiction of the executive branch of the United States Government", and that the "matter related to an offense under Title 18, United States Code, Section 1591". [46], ¶10.

-4-

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense . . . . [A]n indictment need do little more than . . . track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998). The allegations of the Superseding Indictment clearly satisfy that standard.

Trotter further argues that "regardless of the content of any statements, the § 1001 sentencing enhancement will not apply where a defendant is unaware of the aggravating context - the investigation of a matter involving enumerated offenses". Trotter's Reply [67] at 5-6. I disagree. Trotter assumes for purposes of this motion that he willfully and knowingly made materially false statements to the FBI in a matter within its jurisdiction. Therefore, "[h]aving chosen to engage in wrongful conduct, [he] may not complain that facts outside his knowledge brought into play . . . enhanced punishment". United States v. Sicurella, 834 F. Supp. 621, 626 (W.D.N.Y. 1993), aff'd, 46 F.3d 152 (2d Cir. 1994); see also United States v. Parker, 165 F. Supp. 2d 431, 462 (W.D.N.Y. 2001) ("conviction for theft of government property under § 641 does not require proof that the defendant knew the property taken belonged to the government").

B.      Inspection of Grand Jury Minutes

Trotter asks the court to "review the grand jury minutes and dismiss the superceding indictment based on insufficient evidence before that body of any relationship between the false statements alleged and any §1591 offense". Thompson Affirmation [52], ¶38. However, as previously discussed, the sentencing enhancement does not require a relationship between the false statements and the §1591 offense. Moreover, "[a]n indictment, if valid on its

face, may not be challenged on the ground that it is based on inadequate evidence". <u>United States v. Casamento</u>, 887 F.2d 1141, 1182 (2d Cir. 1989).

Trotter "further requests that the Court review the grand jury minutes to determine whether the grand jury was provided with or advised of the statement in paragraph 7 of the original indictment that the Gerace investigation was 'unrelated' to the theft of his Rolex watch or the investigation of that theft by the Amherst Police Department". Thompson Affirmation [52], ¶39. However, I see no inconsistency between ¶7 of the original Indictment [14] and ¶10 of the Superseding Indictment.

Paragraph 7 of the original Indictment alleged that the federal charges lodged against Gerace on or about February 25, 2021 were unrelated to the Amherst Police Department's investigation of the theft of the Rolex watch, whereas ¶10 of the Superseding Indictment alleges that Trotter's false statements were given in connection with an ongoing investigation by the FBI - *not* the Amherst Police Department - some 19 months after Gerace was charged.

Since Trotter has not made a "strong showing of particularized need for grand jury materials before any disclosure will be permitted", <u>United States v. Sells Engineering, Inc.</u>, 463 U.S. 418, 443 (1983), this request is denied.

**C.    Bill of Particulars**

Trotter requests "a bill of particulars setting forth the manner in which [his] alleged false statements are 'related' to an offense under 18 U.S.C. §1591". Thompson Affirmation [52], ¶41. Again, since the sentencing enhancement does not require a relationship between the false statements and the §1591 offense, this request is denied.

-6-

**D.     Other Discovery**

Finally, Trotter seeks additional discovery (Thompson Affirmation [52], ¶¶44-46), arguing that "there is no evidence or other information in the discovery or Rule 3500 material supporting the allegation in the indictment that [his] alleged false statements relate to either an enumerated offense or the government's investigation of an enumerated offense for §1001 sentencing enhancement purposes". Trotter's Reply [67] at 12. Not only is this information irrelevant (for reasons previously discussed), but the government states that it has "fully complied with its discovery obligations and will continue to do so". Government's Response [66] at 17. Therefore, this request is denied.

**CONCLUSION**

For these reasons, I recommend that Trotter's motion to dismiss the Superseding Indictment be denied, and I order that the remainder of the motion likewise be denied. Unless otherwise ordered by District Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by July 8, 2025. Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of

the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: June 20, 2025

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge