UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

GREGORY TROTTER,

        Defendant.

24-CR-60-LJV
DECISION & ORDER

---

      The defendant, Gregory Trotter, was indicted for making false statements to an agency of the United States in violation of 18 U.S.C. § 1001(a)(2). Docket item 14. A superseding indictment added an allegation: that Trotter made the alleged false statements "in a matter related to an offense under [18 U.S.C. §] 1591," Docket Item 46 at ¶ 10, which increased the statutory maximum penalty, *see* 18 U.S.C. § 1001(a). On May 11, 2025, Trotter filed motions to dismiss the superseding indictment, for inspection of the grand jury minutes, for a bill of particulars, and for additional discovery. Docket Item 52. Approximately a week later, the government responded. Docket Item 66.

      On June 20, 2025, United States Magistrate Judge Jeremiah J. McCarthy issued a Report, Recommendation and Order ("RR&O") denying Trotter's motions for inspection of the grand jury minutes, a bill of particulars, and additional discovery, and recommending that Trotter's motion to dismiss the superseding indictment be denied as well. Docket Item 77. Trotter objected to the RR&O's recommendation to deny his motion to dismiss, and he appealed Judge McCarthy's denial of his non-dispositive

motions. Docket Item 86. The government responded, Docket Item 88, and Trotter replied, Docket Item 89.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 USC § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court must review de novo those portions of a magistrate judge's recommendations to which a party objects. *Id*. With respect to non-dispositive motions, however, "a district court may only 'modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'" *United States v. Aventura Techs., Inc.*, 607 F. Supp. 3d 278, 282 (E.D.N.Y. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)). "This standard is highly deferential and only permits reversal where the magistrate [judge] abused his discretion." *Id.* (quoting *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 204 (E.D.N.Y. 2010)).

This Court has carefully and thoroughly reviewed the RR&O; the objection and appeal, response, and reply; and the materials submitted to Judge McCarthy. Based on that de novo review and for the reasons that follow, this Court accepts and adopts Judge McCarthy's recommendation not to dismiss the superseding indictment. The Court also finds that Judge McCarthy's decisions to deny the motions for inspection of the grand jury minutes, for a bill of particulars, and for additional discovery were not clearly erroneous or contrary to law and therefore will not disturb those orders.

## DISCUSSION

### I.     MOTION TO DISMISS THE SUPERSEDING INDICTMENT

The superseding indictment alleges that Trotter made false statements in violation of 18 U.S.C. §1001(a)(2). Docket Item 46. That statute provides that

"whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement or representation . . . shall be fined under this title, imprisoned not more than [five] years[,] . . . or both." *Id.* The statute further provides that "[i]f the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than [eight] years."[1] *Id.* And the superseding indictment explicitly charges that Trotter made false statements "to special agents of the Federal Bureau of Investigation in a matter related to an offense under [s]ection 1591." Docket Item 46 at ¶ 10.

Trotter argues that the superseding indictment must be dismissed because "for the sentencing enhancement to apply, . . . the *false statements* [must] 'relate to' one of the enumerated sex offenses." Docket Item 52 at ¶ 20 (emphasis added). Trotter relies on *United States v. Paz*, 2009 WL 10707056 (D.N.M. 2009), in which the court found that "[section] 1001(a)'s language . . . imposes an eight[-]year maximum sentence for false statements which 'relate to' certain listed federal sex offenses."[2] *Id.* at *2. And Trotter says that "[t]here is no evidence . . . supporting a claim that [his] allegedly false statements related to sex offenses." *Id.* at ¶ 31.

---

[1] Chapters 109A, 109B, 110 and 117 relate to various sex offenses, and section 1591 deals with "[s]ex trafficking of children by force, fraud, or coercion."

[2] Along the same lines, *Paz* found that United States Sentencing Guideline 2J1.2(b)(1)(A)—which increases the defendant's base offense level if the "statutory maximum term of eight years' imprisonment applies because the matter relates to sex offenses under 18 U.S.C. § 1591 or chapters 109A, 109B, 110, or 117 of title 18, United States Code"—comes into play only if the "false statements . . . 'relate to' certain federal sex offenses." *Paz*, 2009 WL 10707056, at *3-4.

Judge McCarthy rejected this argument, finding that "*Paz* misreads . . . the statute," which does not "require that the false statements *themselves* relate to sex offenses in order for the sentencing enhancement to apply." Docket Item 77 at 4. "Instead," Judge McCarthy explained, the statute "require[s] only that the statements be made in a 'matter' within federal jurisdiction."[3]  *Id.*  Thus, Judge McCarthy concluded, as the Fourth Circuit explained in *United States v. Legins*, 34 F.4th 304 (4th Cir. 2022), that "[s]ection 1001's aggravating factor depends on whether the 'matter' within the FBI's jurisdiction when the statements were made 'relate[d] to' a [sex trafficking] offense." Docket Item 77 at 4 (alterations in original) (quoting *Legins*, 34 F.4th at 318).  "Indeed," Judge McCarthy said, the statements themselves "need not . . . primarily concern a [sex trafficking] offense."  *Id.* (alterations in original).

This Court agrees with Judge McCarthy.  The statute unambiguously states that "[i]f *the matter*" in which the statements were made "relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than [eight] years." 18 U.S.C. §1001(a)(2).  Thus, as the Fourth Circuit explained, "the aggravating factor in [section] 1001 depends not on a statement's *contents*, but rather the *context* in which it was made." *Legins*, 34 F.4th at 318.

With that backdrop, the Court turns to whether the allegations in the superseding indictment are sufficient to support the penalty enhancement here.  "[A]n indictment is

---

[3] Judge McCarthy likewise found that the enhancement in Guideline 2J1.2(b)(1)(A) does not require that the statements relate to the sex offense.  Docket Item 77 at 4.  This Court is inclined to agree.  But the application of the Sentencing Guidelines to Trotter's case is premature at this stage.  If he is convicted, that will be a question for another day.

4

sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).  No more is required.  *See id.* (explaining that "an indictment need do little more than . . . track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime" (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992))).  The superseding indictment alleges that:

> [o]n or about September 30, 2022, in the Western District of New York, [Trotter], in a matter within the jurisdiction of the executive branch of the United States Government, *did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations to special agents of the Federal Bureau of Investigation in a matter related to an offense under Title 18, United States Code, Section 1591*, in that [Trotter] denied having contact with Gerace after January 2017; stated that [Trotter's] involvement in the investigation into the alleged theft of the Rolex watch was limited to taking a statement from Gerace; and stated that Gerace had never reached out to him or contacted him regarding the investigation, whereas in truth and in fact, and as [Trotter] then and there well knew, [Trotter] did have contact with Gerace after January 2017; [Trotter] had been involved in the investigation into the alleged theft of the Rolex watch beyond taking Gerace's statement; and Gerace had contacted [Trotter] regarding the investigation into the alleged theft of the Rolex watch.

Docket Item 46 at ¶ 10 (emphasis added).  The Court agrees with Judge McCarthy that those "allegations . . . clearly satisfy th[e] standard."[4]  *See* Docket Item 77 at 5.

---

[4] To the extent Trotter contends that as a factual matter "the investigation surrounding . . . Gerace's allegedly stolen Rolex was unrelated to his charges for commission of [section] 1591 offenses," Docket Item 52 at ¶ 8, that is a factual question for the jury.

Trotter alternatively argues that—even assuming he made the statements in a matter related to a sex offense—the enhancement cannot be applied to him because he "did not have notice of the matter triggering a sentencing enhancement and an opportunity to conform his conduct to avoid an enhanced sentence." Docket Item 86 at 4. The government counters that "[t]he mens rea for a [s]ection 1001(a)(2) offense, i.e., knowing and willful, applies to the defendant's making of the false statement." Docket Item 88 at 2 (italics omitted). And, the government says, "[t]he Court should not add a knowledge requirement to the sentencing enhancement where Congress did not include one in the statute and where the Supreme Court and the Second Circuit have held there is no knowledge requirement regarding 'the matter' itself." *Id.* at 2-3; *see United States v. Yermian*, 468 U.S. 63, 69 (1984) (explaining that "the terms 'knowingly and willfully'" in section 1001 "modify only the making of 'false, fictitious or fraudulent statements,' and not the predicate circumstance that those statements be made in a matter within the jurisdiction of a federal agency" and that there is therefore "no basis for requiring proof that the defendant had actual knowledge of federal agency jurisdiction"); *United States v. Coplan*, 703 F.3d 46, 79 (2d Cir. 2012) (explaining that "the essential conduct prohibited by [section] 1001(a)(2) is the making of a materially false, fictitious, or fraudulent statement").

This Court agrees with the government. There is no basis in the statute or caselaw for Trotter's argument that the superseding indictment is infirm because he did not know that the matter in which he gave statements was related to a section 1591 offense. As explained above, an indictment need only include "the elements of the offense charged and fairly inform[] a defendant of the charge against which he must

defend." *Alfonso*, 143 F.3d at 776 (quoting *Hamling,* 418 U.S. at 117).  And knowledge that the "matter" in which the defendant gave statements was related to a sex offense is not an element under 18 U.S.C. §1001.[5]  *Cf. Legins*, 34 F.4th at 318 (explaining that "the aggravating factor depends on the nature of the investigation").

For all those reasons, this Court adopts Judge McCarthy's recommendation to deny Trotter's motion to dismiss the superseding indictment.

## II.     MOTION FOR INSPECTION OF GRAND JURY MINUTES

Trotter argues that he should be able to inspect the grand jury minutes because "[n]o grand jury testimony of any federal law enforcement officer relating to the super[s]eding indictment was included [in] the Jencks Act materials provided" to him. Docket Item 86 at 7.  Thus, he says, "there is no indication . . . that the grand jury was presented with any evidence alleging or establishing any relationship between the alleged false statements and the 'matter' triggering the inclusion of the sentencing enhancement in the superseding indictment."  *Id.*  And, Trotter argues, Judge McCarthy clearly erred in finding that Trotter "had not made a strong showing of a particularized need for disclosure."  *Id.* at 8; *see* Docket Item 77 at 6.

The government counters that Trotter's argument "is simply speculation that does not withstand even cursory examination, let alone meet [his] burden of showing a

---

[5] The government has proposed that this Court instruct the jury that "it is not necessary for the government to prove that the defendant had actual knowledge that the matter that was within the jurisdiction of the government of the United States related to an offense under Title 18, United States Code Section 1591."  Docket Item 59 at 15. Trotter did not object to this instruction or propose an alternative in his request to charge.  *See* Docket Item 71.  But to the extent that Trotter contends proof of his knowledge is required, that is a question to be resolved with the jury instructions, not one that might lead to dismissal of the superseding indictment.

7

particularized need that outweighs the default need for secrecy in grand jury deliberations."  Docket Item 88 at 14 (citation and internal quotation marks omitted).  Moreover, the government observes, "its obligations under the Jencks Act pertain solely to witnesses the government intends to call at trial."  *Id.* at 14-15.  That is, "[i]f the government does not intend to call someone as a witness, it has no obligation under the Jencks Act to provide that witness'[s] prior statements, even if that witness testified in the grand jury."  *Id.* at 15 (citing 18 U.S.C. § 3500).  "Thus, [Trotter]'s review of the Jencks Act material disclosed by the government is an insufficient basis upon which to infer a lack of proof presented to the grand jury."  *Id.*

This Court again agrees with the government.  "Because of the significant interests advanced by grand jury secrecy, [demonstration of a particularized need] is a relatively demanding standard to satisfy, and one reserved to the Court's discretion."  *United States v. Greenberg*, 2022 WL 827304, at *26 (S.D.N.Y. Mar. 9, 2022).  Trotter's speculation based on the government's Jencks disclosures are insufficient to "show a particularized need that outweighs the need for secrecy."  *See id.* (quoting *In re United States for Material Witness Warrant*, 436 F. Supp. 3d 768, 770 (S.D.N.Y. 2020)).  And that is particularly so given the deferential standard of review on a non-dispositive motion.

Thus, this Court finds that Judge McCarthy's order was not clearly erroneous or contrary to law and affirms his denying Trotter's request for inspection of the grand jury minutes.

### III. MOTION FOR A BILL OF PARTICULARS

Trotter also requested "a bill of particulars setting forth the manner in which [his] alleged false statements are 'related' to an offense under 18 U.S.C. §1591." Docket Item 52 at ¶ 41. Judge McCarthy denied that request because he found that "the sentencing enhancement does not require a relationship between the false statements and the [section] 1591 offense." Docket Item 77 at 6.

This Court finds no error, let alone clear error, in Judge McCarthy's denial of Trotter's request for a bill of particulars. "The proper scope and function of a bill of particulars is to provide sufficient information about the nature of the charge to enable a defendant to prepare for trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense." *United States v. Kogan*, 283 F. Supp. 3d 127, 132 (S.D.N.Y. 2017). The superseding indictment clearly states that the government alleges the false statements were made in a matter concerning Peter Gerace related to a section 1591 offense. Trotter has not demonstrated how a bill of particulars is necessary to clarify or provide additional notice regarding those allegations.

This Court therefore affirms Judge McCarthy's denial of Trotter's request for a bill of particulars.

### IV. MOTION FOR ADDITIONAL DISCOVERY

Judge McCarthy also denied Trotter's request for additional discovery. Docket Item 77 at 7. This Court agrees with the government that Trotter "fails to advance any substantive argument as to why [Judge McCarthy's] denial of [Trotter]'s motion for additional discovery was clearly erroneous or contrary to law." *See* Docket Item 88 at 15-16. Thus, this Court affirms the denial of that motion as well.

**CONCLUSION**

For the reasons stated above, this Court accepts and adopts Judge McCarthy's recommendation, Docket Item 77 at 3-5, to deny Trotter's motion to dismiss the superseding indictment. Trotter's motion to dismiss, Docket Item 52, is therefore DENIED. Judge McCarthy's decision, Docket Item 77 at 5-7, denying Trotter's motions for inspection of grand jury minutes, for a bill of particulars, and for additional discovery, Docket Item 52, is AFFIRMED.

SO ORDERED.

Dated: August 5, 2025
Buffalo, New York

                                             */s/ Lawrence J. Vilardo*
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE